UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IVAN KILGORE,

    Petitioner,

    v.

A. J. MALFI, warden,

    Respondent.

No. C 07-340 SI (pr)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Ivan Kilgore, an inmate at the California State Prison - Sacramento, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His in forma pauperis application also is before the court as are his motions for law library access and for funds to obtain a transcript.

## BACKGROUND

Kilgore states in his petition that he was convicted in Alameda County Superior Court of first degree murder with a special circumstance and discharging a firearm from a motor vehicle. On April 9, 2006, he was sentenced to life imprisonment without the possibility of parole. He appealed his conviction. The California Court of Appeal affirmed his conviction and the California Supreme Court denied his petition for review. He then filed this action.

**DISCUSSION**

A.   Review Of Petition

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition lists seventeen claims, although most of them are subparts of a Sixth Amendment claim about counsel.

First, Kilgore alleges that the trial court erred in ruling that, if he testified, he could be cross-examined with his previous testimony from a 1997 case in which he had been convicted in Oklahoma of involuntary manslaughter. Liberally construed, this states a cognizable claim for a due process violation. See Petition for Review, pp. 5-10. The claim also asserts state law error, but that part of the claim is dismissed because a state prisoner can only seek the writ of habeas corpus on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). In other words, a writ of habeas corpus is available under § 2254(a) "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)), cert. denied, 478 U.S. 1021 (1986). It is unavailable for violations of state law or for alleged error in the interpretation or application of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Engle, 456 U.S. at 119; see, e.g., Little v. Crawford, 449 F.3d 1075, 1082 (9th Cir. 2006) (claim that state supreme court misapplied state law or departed from its earlier decisions does not provide a ground for habeas relief); Moore v. Rowland, 367

F.3d 1199, 1200 (9th Cir. 2004) (per curiam) (state's violation of its separation-of-powers principles does not give rise to a federal due process violation); Stanton v. Benzler, 146 F.3d 726, 728 (9th Cir. 1998) (state law determination that arsenic trioxide is a poison as a matter of law and not an element of the crime for jury determination is not open to challenge on federal habeas review). The due process claim warrants a response, but the state law part of the claim is dismissed without leave to amend.

Second, Kilgore alleges that the trial court erroneously failed to instruct on the "lesser-included offense-plus-enhancement of second degree drive-by murder." Petition, p. 6. There is no clearly established law that the Due Process Clause requires a trial court to instruct on lesser-included offenses. The Supreme Court held in Beck v. Alabama, 447 U.S. 625 (1980), that an instruction on a lesser included offense must be given in a capital case; however, the law is unsettled as to whether such an instruction must be given in noncapital cases. The Ninth Circuit has noted that "[t]here is no settled rule of law on whether Beck applies to noncapital cases such as the present one. In fact, this circuit, without specifically addressing the issue of extending Beck, has declined to find constitutional error arising from the failure to instruct on a lesser included offense in a noncapital case." Turner v. Marshall, 63 F.3d 807, 819 (9th Cir. 1995) (citing Bashor v. Risley, 730 F.2d 1228, 1240 (9th Cir. 1984)), overruled on other grounds, Tolbert v. Page, 182 F.3d 677 (9th Cir. 1999). With this unsettled state of the law, the state court's rejection of a claim that the trial court failed to sua sponte instruct on the lesser-included offense could not be contrary to or an unreasonable application of clearly established law, as set forth by the U.S. Supreme Court necessary for federal habeas relief under 28 U.S.C. § 2254(d). Although Kilgore argues otherwise, the decision in Apprendi v. New Jersey, 530 U.S. 436 (2000), does not require a trial court to instruct on lesser-included offenses or the enhancements for lesser-included offenses. The claim is dismissed without leave to amend.

Third, Kilgore contends that the trial court erred in failing to instruct that the doctrine of transferred intent may apply to shooting in self-defense. In his petition for review, the only federal constitutional error alleged was that the "failure to instruct correctly on a necessary

3

element of the crime of homicide, lack of justification, violated" Kilgore's federal constitutional right to due process. Petition For Review, p. 22. Liberally construed, the due process claim is cognizable and warrants a response. To the extent he also argues a state law error, that part of the claim is dismissed without leave to amend.

Fourth, Kilgore alleges that he was denied fair and independent review because the pro tem justice who wrote the California Court of Appeal's opinion is a Superior Court judge from the same county as the trial judge whose decision was being reviewed. Not surprisingly, he cites no cases in support of this limp claim other than Tumey v. Ohio, 273 U.S. 510 (1927) for the proposition that a "[d]ecision by a biased judge violates the due process clause of the 5th and 14th Amendments." Petition for Review, p. 24. That general proposition is certainly correct, but its applicability here is not. There are no facts alleged in support of this claim other than the coincidence that the two judges were from the same superior court. At the very most, the claim is an "appearance of impropriety" kind of claim, but that does not support habeas relief when no actual adverse effect on the proceedings is identified. See generally Francolino v. Kuhlman, 365 F.3d 137, 141-43 (2d Cir. 2004); Tyson v. Trigg, 50 F.3d 436, 439-40 (7th Cir. 1995); Del Vecchio v. Illinois Dept. of Corrections, 31 F.3d 1363, 1371-72 (7th Cir. 1994) ("The Supreme Court has never rested the vaunted principle of due process on something as subjective and transitory as appearance.") The claim is dismissed without leave to amend.

Fifth, Kilgore alleges that the trial court erred in barring him from introducing bad character evidence about the victims to rebut the evidence of their good characters. Liberally construed, the allegations state a cognizable claim for violation of the Sixth Amendment right to confront witness and the Sixth and Fourteenth Amendments right to present a defense. See Petition For Review, p. 26.

Sixth, Kilgore alleges that trial counsel provided ineffective assistance of counsel. Claims 6-15 in the petition describe specific deficiencies in counsel's performance. Kilgore alleges that counsel was ineffective: when she made an erroneous offer of proof (Claim # 6), when she failed to timely obtain a ruling regarding the admissibility of the Oklahoma testimony (Claim # 7),

4

1  when she switched defense theories from self-defense to reasonable doubt (Claim # 8), when she
2  caused Kilgore not to testify (Claim # 9), when she opened the door to bad character evidence
3  about Kilgore (Claim # 10), when she failed to move for a redaction of a tape-recorded statement
4  by Matthew Bryant (Claim # 11),  when she failed to call witnesses to establish the violent
5  characters of William Anderson and T. Dandy (Claim # 12), when she failed to request an
6  instruction that transferred intent applied to a self-defense shooting (Claim # 13), when she
7  failed to object to the prosecutor's inaccurate closing argument (Claim # 14), and when she failed
8  to object to the pathologist's ballistics testimony (Claim # 15).  Liberally construed, these
9  allegations present cognizable claims for ineffective assistance of counsel in violation of the
10 Sixth Amendment.  Kilgore's Claim # 16 states: "Expert counsel states his opinion that trial
11 counsel rendered ineffective assistance."  Claim # 16 is not a separate claim for ineffective
12 assistance of counsel.

14 C.    <u>Petitioner's Motion For Law Library Access</u>
15     Petitioner's motion for an order allowing him daily access to the law library is DENIED.
16 (Docket #3.)  To grant the requested relief, the court would have to interfere with the ordinary
17 day-to-day operations of the prison, which generally federal courts are discouraged from doing.
18 <u>See</u> <u>Turner v. Safley</u>, 482 U.S. 78, 84-85 (1987) (judiciary should exercise restraint on matters
19 of prison administration). Additionally, due to the nature of federal habeas, most of the legal
20 research should already be done at this point.  All the claims had to be presented in state court
21 to exhaust them before they could be presented here, and significant amounts of research should
22 have been done before the claims were presented in state court.  At least the claims raised on
23 direct appeal were addressed in the state's reply brief in the state court of appeal, which should
24 give the petitioner a good idea of what the state's position is on most of the claims. Furthermore,
25 the court sets generous briefing schedules in recognition of the limits of most prisoners' law
26 library access.  Petitioner is advised to check into the availability of a paging system to obtain
27 legal materials in his cell if he is unable to spend enough hours at the prison law library.  If, as
28

the deadline for the traverse approaches, petitioner needs more time, he can then request an extension of time at that time.

D.      Petitioner's Motion For Funds

Petitioner has filed an ex parte motion for provision of funds to obtain transcripts from his 1997 Oklahoma trial, which his state court appeal estimated would cost about $3,000 - $5,000. The state courts apparently refused to grant his requests for funds to obtain the transcripts. Apparently, the transcript of Kilgore's testimony from the Oklahoma trial exists and was the only part of that court's proceedings introduced in the California trial or appeal for Kilgore. He wants the transcripts to show how the California Court of Appeal was wrong in the "numerous inferences adverse to petitioner" that it drew from the Oklahoma case to support its analysis that the evidence was "similar enough to be admitted under Evidence Code § 1101(b) as evidence of intent." Motion, p. 2.

The request is DENIED without prejudice to the court reconsidering whether the full transcript is needed after the court sees respondent's answer and petitioner's traverse, and subject to the requirements of 28 U.S.C. § 2254(e-f) regarding new evidence. Petitioner is requesting a significant amount of funds, and the court is not currently convinced that the expenditure is necessary. Although petitioner explained how he wanted to use the evidence to explain why the state court of appeal's reasoning was incorrect under state law, he has not explained how this evidence is necessary for any particular federal constitutional claim this court will be considering. Additionally, it appears that at least some of the items he wants to prove up through the record from the Oklahoma case might be able to be proven by alternative means, e.g., his own declaration, that are far less expensive. This is not a direct appeal, so the cases on the provision of transcripts needed to pursue an appeal is not particularly helpful. The court will, however, require the respondent to state whether he already has the full transcript of the Oklahoma case such that it would be simply a matter of paying the photocopy charge for petitioner to obtain and present it.

# CONCLUSION

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **June 22, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on respondent on or before **July 27, 2007**.

5. Petitioner's in forma pauperis application is GRANTED. (Docket # 2.)

6. The motion for access to the law library and the motion for funds to obtain the transcript of the Oklahoma trial are DENIED. (Docket # 3, # 4.)

7. Respondent's counsel shall inform the court no later than **May 31, 2007** whether respondent or his counsel has a copy of parts or all of the transcript for the Oklahoma case (other than Kilgore's testimony in that case, as that has already been filed by Kilgore).

IT IS SO ORDERED.

DATED: April 6, 2007

SUSAN ILLSTON
United States District Judge