1

2

3

4

5              UNITED STATES DISTRICT COURT

6              NORTHERN DISTRICT OF CALIFORNIA

7

8   IVAN KILGORE,                              No. C 07-340 SI (pr)

9           Petitioner,                        **ORDER OF DISMISSAL**

10          v.

11  A. J. MALFI, warden,

12          Respondent.

13  _____/

14                      **INTRODUCTION**

15          Ivan Kilgore filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. §

16  2254.  The matter is now before the court for consideration of Kilgore's motion for stay and

17  abeyance.  The court concludes that Kilgore has rushed to federal court prematurely and is not

18  in danger of running afoul of the statute of limitations.  The court will deny the motion for stay

19  and abeyance.  Also, because Kilgore's state habeas petition challenging the same conviction

20  is now pending, the court will dismiss this action under the exhaustion doctrine.

21

22                      **DISCUSSION**

23  A.      Motion For Stay And Abeyance

24          Kilgore's conviction is quite recent and he filed his federal petition before his conviction

25  even became final.  According to this petition and attachments thereto, he was sentenced in April

26  2006, and the California Supreme Court denied his petition for review on December 13, 2006.

27  He filed his federal petition on January 18, 2007, when the one-year limitations period had not

28  even started because he still was within the time during which he could petition for writ of

**United States District Court**
**For the Northern District of California**

1  certiorari.  The one-year habeas statute of limitations in 28 U.S.C. § 2244(d)(1) normally starts

2  on the date on which the judgment becomes final after the conclusion of direct review, which

3  includes the 90-day period during which a petitioner can file a petition for writ of certiorari.

4  See 28 U.S.C. § 2244(d)(1)(A); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) (direct

5  review period included the 90-day period during which the petitioner could have filed a petition

6  for writ of certiorari, regardless of whether he did so).

7       The one-year limitations period is tolled for the "time during which a properly filed

8  application for State post-conviction or other collateral review with respect to the pertinent

9  judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  The limitations period also can be

10 equitably tolled.  Kilgore filed a petition for writ of habeas corpus in the California Supreme

11 Court on April 16, 2007 and that petition is now pending.  The limitations period is tolled during

12 the pendency of that state habeas petition.

13      A district court may stay a mixed habeas petition to allow the petitioner to exhaust his

14 unexhausted claims in state court.  Rhines v. Webber, 544 U.S. 269, 277-78 (2005).  In Rhines,

15 the Court discussed the stay-and-abeyance procedure for mixed habeas petitions.  Rhines

16 cautioned district courts against being too liberal in allowing a stay because a stay works against

17 several of the purposes of the Antiterrorism and Effective Death Penalty Act of 1996

18 ("AEDPA") in that it "frustrates AEDPA's objective of encouraging finality by allowing a

19 petitioner to delay the resolution of the federal proceedings" and "undermines AEDPA's goal of

20 streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his

21 claims in state court prior to filing his federal petition."  Rhines, 544 U.S. at 277.  A stay and

22 abeyance "is only appropriate when the district court determines there was good cause for the

23 petitioner's failure to exhaust his claims first in state court," the claims are not plainly meritless,

24 and there are no intentionally dilatory litigation tactics by the petitioner.  Id. at 277-78.

25      Kilgore's motion falters on the requirement that there be good cause for his failure to

26 exhaust his claims first in state court.  He claims that his "good cause" for failure to first exhaust

27 is the "combination of ineffective assistance of appellate counsel and the recent obtaining of trial

28

1    transcripts." Motion, p. 1. The court disagrees. No stay would be necessary but for Kilgore's

2    rush to federal court because the limitations period had not even started when he filed his federal

3    petition and his state habeas petition will toll the limitations period. The docket sheet for the

4    habeas petition pending in the California Supreme Court California Supreme Court shows that

5    ten days after Kilgore filed his petition there, he filed a motion to amend the petition. His rush

6    to federal court and his need to amend the state habeas petition just ten days after filing it

7    indicate unnecessarily hasty action. While a prisoner should be diligent in pursuing his claims,

8    at a certain point he also needs to remember the adage "haste makes waste." Kilgore's rush to

9    avoid the statute of limitations is creating unnecessary work for him and for the courts that must

10   deal with the consequences of his haste. Kilgore is nowhere near the end of one-year limitations

11   period, such that a stay is necessary to avoid his claims from being rejected as time-barred. The

12   motion for a stay and abeyance is DENIED. (Docket # 6.)

13

14   B.    Exhaustion Problem

15          Kilgore's motion for a stay and abeyance reveals a problem with this action: the petition

16   must be dismissed under the exhaustion doctrine because of the pendency of the state court

17   habeas petition challenging the same conviction. Prisoners in state custody who want to

18   challenge either the fact or length of their confinement in federal court by a petition for a writ

19   of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or

20   through collateral proceedings, by presenting the highest state court available with a fair

21   opportunity to rule on the merits of each and every issue they seek to raise in federal court. See

22   28 U.S.C. § 2254(b)(1)(A),(c); Duckworth v. Serrano, 454 U.S. 1, 3 (1981). If available state

23   remedies have not been exhausted as to all claims, the district court must dismiss the petition.

24   See id. at 4-5. The exhaustion requirement is not satisfied if there is a pending post-conviction

25   proceeding in state court. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). If an

26   appeal or collateral challenge of a state criminal conviction is pending, a would-be federal

27   habeas petitioner must await the outcome of the state court action before his state remedies are

28

1  considered exhausted, even where the issue to be raised in the petition for writ of habeas corpus

2  has been finally settled in the state courts. See id. Even if the federal constitutional question

3  raised by the petitioner cannot be resolved in a pending state action, that action may result in the

4  reversal of the petitioner's conviction on some other ground, thereby mooting the federal

5  question. See id. (citations omitted); cf. Phillips v. Vasquez, 56 F.3d 1030, 1036 (9th Cir. 1995)

6  (allowing death penalty defendant's habeas challenge to guilt determination even though state

7  court challenge to his sentence of death was still pending; extraordinary delay in adjudicating

8  the latter excused exhaustion requirement and, unlike Sherwood, there was no danger that the

9  pending state appeal would moot the federal court's decision).  Kilgore's state habeas petition

10  may be successful and thereby moot the federal question.

11        Kilgore must await the outcome of the pending state court challenge to his conviction

12  before presenting his claims in federal court.  Until that proceeding is concluded, a habeas

13  petition in this court is premature and must be dismissed.

14

15                                    **CONCLUSION**

16        The motion for stay and abeyance is DENIED.  (Docket # 6.)

17        The petition is DISMISSED without prejudice to Kilgore filing a new petition after he

18  exhausts state court remedies as to all claims he wants to present in federal court.  If and when

19  he returns to federal court, Kilgore is cautioned not to file an amended petition in this action and

20  not to use the case number for this action because this action is being closed today.  When he

21  files a new petition, he should put no case number on the first page, and should submit it with

22  the $5.00 filing fee or a completed in forma pauperis application.  At that time, the court will

23  give the new petition a new case number.

24        IT IS SO ORDERED.

25  DATED: May 17, 2007

                                        _____
26                                      SUSAN ILLSTON
                                        United States District Judge

27

28

                                           4